**Melvin James BLAKE, Plaintiff— Appellant,**

v.

**Linda L. MELCHING, Chief, Inmate Appeals; et al., Defendants— Appellees.**

No. 02–17032.

D.C. No. CV–99–05429–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT and GRABER, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Melvin James Blake, a California state prisoner, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action alleging violation of his First Amendment rights and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We affirm in part, reverse in part, and remand.

Blake's contention that the district court did not inform him of his obligation to oppose defendants' summary judgment motion is not supported by the record.

The district court properly granted summary judgment on Blake's claim that the prison regulation requiring inmates to obtain approval before receiving catalogs, Cal. Cod Regs. Tit. 15 § 3006(c)(11), violates the First Amendment because the regulation is reasonably related to legitimate penological interests. *See Mauro v. Arpaio*, 188 F.3d 1054, 1058–62 (9th Cir. 1999) (en banc).

The district court also properly granted summary judgment on Blake's claim that he was prevented from ordering books, because he did not allege that any of the defendants "knew of or participated in activities connected to the alleged § 1983 violations." *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996).

The district court improperly granted summary judgment, however, on Blake's claim that the prison librarian retaliated against him for filing an administrative grievance. Blake submitted sufficient admissible evidence that the librarian subjected him to adverse actions in retaliation for his exercise of his constitutional rights, and that the retaliatory actions advanced no legitimate penological interest. *See Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir.1997). Thus, there was a genuine factual dispute and the district court impermissibly weighed the evidence in ruling on the motion for summary judgment. *See Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1193 (9th Cir. 2003).

Each party to bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

